**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | Case No. 15-20073-01-CM (Criminal) |
| **ANTONIO GARCIA-VIVEROS,** ) | 16-2778-CM (Civil) |
| ) | |
| **Defendant.** ) | |
| ) | |

## **MEMORANDUM AND ORDER**

This case is before the court on defendant Antonio Garcia-Viveros's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255 (Doc. 102.) For the reasons set forth below, the court denies defendant's motion.

**I.     Background**

Defendant pleaded guilty to possession with the intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) ("Count 1"), and using a firearm during a drug-trafficking crime, in violation of 18 U.S.C. § 924(c) ("Count 2"). Defendant's calculated total offense level was 29, and he had criminal history category of I. As requested by the government, the court sentenced defendant to a total term of 73 months' imprisonment, which well was below both the recommended guidelines sentencing ranges and statutory minimums. Defendant did not appeal his conviction or sentence.

Defendant filed the instant § 2255 motion, and claims the following: (1) he is entitled to a sentence reduction under *Johnson v. United States*, 135 S. Ct. 2551 (2015), because his offense did not involve a "violent felony;" (2) his conviction on Count 2 is illegal under *Bailey v. United States*, 516 U.S. 137, 143 (1995), because his offense involved only possession—not active employment—of a

-1-

firearm; (3) his sentence on Count 2 should be reduced because Amendment 2K2.1(b)(2) mentions consideration of a deduction of points if the offender did not unlawfully discharge the firearm; and (4) ineffective assistance of counsel.

## II.    Defendant's Waiver

Within defendant's plea agreement, defendant waived the right to challenge his sentence in a collateral attack under § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001), and 18 U.S.C. § 3582(c)(2)).  The government seeks to enforce this waiver as to defendant's claims challenging his sentence.

In his reply, defendant claims that he does not speak or understand the English language, which was utilized in his plea agreement.  Defendant also states that he barely understands the terms in his plea agreement in Spanish, let alone English, and it was not knowingly and voluntarily made. Defendant alleges that the only advice he received regarding the waiver, was from his attorney—who, defendant claims, misadvised him into signing the plea agreement, renouncing his appeal rights, and waiving any sort of ability to seek relief.  Defendant further argues that he feels taken advantage of because of his immigrant status and lack of understanding of the English language, and enforcement of the waiver is prejudicial and something no American citizen would accept.  Defendant claims that he wanted to sign the plea agreement without the waiver, but defense counsel did not investigate this option.

At the plea hearing, the court asked defendant about the waiver and further explained that defendant was agreeing to waive his right to appeal and/or collaterally attack his conviction or sentence, subject to the listed exceptions. Defendant acknowledged that he had gone over this waiver with defense counsel as well as responded affirmatively that he understood he was waiving these rights and was satisfied with defense counsel's representation. When the court inquired, defendant indicated

that no one had forced him into having the waiver in his plea agreement and was requesting the court of his own free will to approve the waiver as part of his plea agreement. The court found that defendant knowingly and voluntarily entered a plea of guilty and approved the plea agreement.

Generally, a knowing and voluntary waiver of 18 U.S.C. § 2255 rights is enforceable. *Cockerham*, 237 F.3d at 1181–83. However, a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver. *Id.* at 1187. In determining whether a disputed issue is within the scope of the waiver, courts look to the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957–58 (10th Cir. 2004).

Defendant's plea agreement waiver contains the following language: "[n]otwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct." (Doc. 65, at 10). Two other courts in this district have determined that this language is broader than the *Cockerham* exception. *See, e.g.*, *United States v. Delgado-Ornelas*, No. 15-CR-10141-EFM, 2017 WL 411351, at *3 (D. Kan. Jan. 31, 2017); *United States v. Ellis*, No. 12-20093-01-KHV, 2017 WL 193158, at *4 (D. Kan. Jan. 18, 2017) (noting that this final sentence is broader than the *Cockerham* exception and that "the plain language of the plea agreement permits all claims of ineffective assistance of counsel . . . ."). These courts did not enforce the waivers against the defendants' ineffective assistance of counsel claims, even though their claims essentially challenged their agreed upon sentences. *Id.* Instead, the courts evaluated the defendants' claims under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984).

**III.    Ineffective Assistance of Counsel**

Under *Strickland*, defendant bears the burden of satisfying a two-pronged test. First, he must show that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness." *Id.* at 687–88. The court affords considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

Second, defendant must demonstrate prejudice, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. To show prejudice in the guilty plea context, defendant must show a reasonable probability that but for counsel's errors, he would not have pleaded guilty, but insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *United States v. Clingman*, 288 F.3d 1183, 1186 (10th Cir. 2002). As part of his proof, defendant must show that "a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Ky.*, 559 U.S. 356, 372 (2010) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480, 486 (2000)). "Further, defendant's 'mere allegation that he would have insisted on trial but for his trial counsel's errors, although necessary, is ultimately insufficient to entitle him to relief.'" *Clingman*, 288 F.3d at 1186 (quoting *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001)). Rather, the court reviews the factual circumstances surrounding the plea to determine whether defendant would have gone to trial. *Id.* Defendant need not show that he would have prevailed at trial, but the court considers defendant's prospects of succeeding at trial. *United States v. Triplett*, 263 F. App'x 688, 690 (10th Cir. 2008).

There is no reason for a court deciding an ineffective assistance claim to address both components of the inquiry if the defendant makes an insufficient showing on one. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, then that course should be followed. *Strickland*, 466 U.S. at 697.

The court finds that defendant fails to meet the prejudice prong for several reasons. First, defendant does not claim that he would have gone to trial absent defense counsel's ineffectiveness—which is required. *See Clingman*, 288 F.3d at 1186.

Second, defendant's sentence was recommended by the government and was well below the mandatory minimums. Defendant presents no evidence suggesting that he would have fared better at trial; and based on the circumstances surrounding defendant's case as well as the government's evidence, it is unlikely that defendant would have been successful at trial.

Third, *Johnson* does not help defendant because he was not sentenced under any statute to which *Johnson* applies. *See Johnson* 135 S. Ct. at 2563 (holding that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague). Likewise, defendant cannot show prejudice for possessing the firearm—as opposed to active employment—because possession of a firearm is sufficient under § 924(c)(1). *See United States v. O'Brien*, 560 U.S. 218, 232–33 (2010) (explaining that after *Bailey*, 516 U.S. at 143, Congress amended § 924(c)(1) by adding the word "possesses" to the principal paragraph, which is referred to the "*Bailey* Fix Act"); *United States v. Iiland*, 254 F.3d 1264, 1274 (10th Cir. 2001) ("[T]he legislative history of the 1998 amendment and our prior cases require that specific evidence establish the guns were possessed "in furtherance of" the drug crime . . . .").

Fourth, even if defendant received a guidelines sentence, he is not entitled to a reduction of points under U.S.S.G. § 2K2.1(b)(2) because he did not possess the firearm solely for lawful sporting purposes or collection. *See United States v. Collins*, 313 F.3d 1251, 1254 (10th Cir. 2002) (it is the defendant's burden to show the he possessed the firearm for solely lawful sporting purposes or collection and did not unlawfully discharge or use the firearm).

-5-

Lastly, defendant's claim that defense counsel misadvised him regarding the waiver did not bar this court's review of defendant's claims. Because defendant fails to show ineffective assistance of counsel, his § 2255 motion to vacate, set aside, or correct his sentence is denied.

A certificate of appealability is not warranted in this case because reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).

**IT IS THEREFORE ORDERED** that defendant Antonio Garcia-Viveros's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255 (Doc. 102) is denied.

**IT IS FURTHER ORDERED** that the court will not issue a certificate of appealability in this case.

Dated this 30th day of March, 2017, at Kansas City, Kansas.

>            s/ Carlos Murguia
>            **CARLOS MURGUIA**
>            **United States District Judge**